FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 12 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

MICHAEL KEVIN HORN                                        PLAINTIFF

VS.                              CV 4-11 – CV – 0041 JMM

MANITEX, INC. AND
HI-TECH PUMP AND CRANE, INC.                              DEFENDANTS

## STIPULATED PROTECTIVE ORDER

The parties hereby stipulate and agree that discovery in this action shall be subject to the following restrictions and that the following terms and conditions shall govern the treatment of Confidential Information in this proceeding.

1. **"Confidential Information"**. "Confidential Information" refers to information, documents, or other material that the designating party reasonably and in good faith believes constitutes or reflects trade secrets or information whose confidentiality is otherwise protectable under applicable law. This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Arkansas and Fed. R. Civ. P. 26(c)), and information reasonably sought to be kept confidential.

2. **Designation of Confidential Information.** Any party may reasonably designate any document containing Confidential Information, or portion thereof, which it may produce as "Confidential" by labeling the document to be so designated substantially as follows: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER".

3. **Use of Confidential Information.** Anyone who is provided with access to Confidential Information under this Order shall use such information solely in connection with this action, shall keep such information strictly confidential, and shall in no way disclose such information, or any portion, summary, abstract or other derivation thereof, to any firm, person, or entity, except as provided in paragraph 4.

4.     **Disclosure of Confidential Information.** Access to Confidential Information shall be limited to:

   *(a)*   *Attorneys.* Attorneys of record and other personnel in their law firm(s) (including other attorneys, paralegals, and other staff personnel (collectively "staff personnel")) who require access for the purpose of representing any party in this action.

   *(b)*   *Named parties.* Employees of the named parties who have a need to access the information for purposes of this litigation.

   *(c)*   *Experts and consultants.* Outside experts or consultants retained in connection with this action; however, any party must provide notice to the others before providing access to Confidential Information to that expert or consultant if any such expert or consultant is currently an employee of any competitor of any party. (This notice requirement is not intended to include any expert or consultant retained in connection with this action who may have, or have had, an independent consultant contractor contract with any competitor of any Party, as long as he or she is not currently an employee of any such competitor.)

   *(d)*   *Witnesses.* Witnesses who testify at depositions, hearings, or trial, if any such further proceedings occur in this case; however, each party must provide notice to the other parties before providing access to Confidential Information to that witness if any such witness is currently an employee of any competitor of any Party. (This notice requirement is not intended to include any witness who may have, or have had, an independent

consultant contractor contract with any competitor of any Party, as long as he or she is not currently an employee of any such competitor.)

(e) Upon receipt of notice pursuant to 4(c) or 4(d), the party so noticed shall have 15 calendar days to serve an objection to disclosure.

(f) *Court reporters and videographers.* Court reporters and videographers appearing at depositions, hearings, or trial, if any such further proceedings occur in this case.

(g) *Court.* The Court and its personnel.

(h) *Other persons.* Without the necessity of further Court order, any other person who the parties jointly agree may have access to the Confidential Information.

5. **Non-Waiver of Confidentiality or Objection to Production.** Review of Confidential Information by any person in paragraph 4 shall not waive the confidentiality of that information and shall not waive any objection to production of that information.

6. **Execution of Agreement To Comply With Stipulated Protective Order (Attachment A).** Each person who is permitted access to Confidential Information under paragraphs 4(c), (d) and (h) above shall first be shown a copy of this Order, shall be advised of the obligation to honor the confidentiality designation, and shall sign the Agreement To Comply With Stipulation Protective Order ("Agreement") that is attached as Attachment A. Any attorney of record in this action who provides such access to any such person shall retain that person's signed Agreement in his or her files during the pendency of this action, and upon request shall make the signed Agreement available for inspection by the Court.

7. **Inadvertent Disclosure of Confidential Information.** The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver,

in whole or in part, of any party's claim of confidentiality. Within 15 days of discovering such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the Confidential Information is to be designated as Confidential under the terms of this Order.

8.    **Inadvertent Disclosure of Privileged Information.** In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection; and (b) failure to assert a privilege and/or work product in this litigation as to one document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter. In the case of inadvertently produced privileged and/or work product documents, upon the recipient becoming aware that he or she has received such documents that clearly were inadvertently produced, or upon a request made by producing party, the documents together with all copies made of them and any notes made from them shall be returned forthwith to the party claiming privilege and/or work product immunity. Any party may, within five (5) court days after notification of inadvertent disclosure under this paragraph, object to the claim of inadvertence by notifying the designating or producing party in writing of that objection and specifying the designated or produced material to which the objection is made. The parties shall confer within fifteen (15) days of service of any written objection. If the objection is not resolved, the designating party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute. If a motion is filed, information subject to dispute shall be treated consistently with the designating or producing party's most recent designation until further order of this Court.

9. **Depositions.** Any deposition which a party determines will or might reasonably include disclosure of Confidential Information shall be attended only by those persons entitled to receive such Confidential Information pursuant to this Order, but this shall not be construed to allow any such person to attend a deposition he or she otherwise would not be allowed to attend. During a deposition, any party may ask the reporter to designate certain portions of the testimony as Confidential, in which case the confidential portions shall be separately transcribed and labeled as Confidential. In addition, within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the parties, counsel may designate the entirety or any specified portion of the transcript or exhibits thereto as Confidential by letter to the opposing party. Until such thirty-day period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential and subject to this Order. After such thirty-day period expires, such transcripts, exhibits or portions thereof designated as Confidential shall be treated as such under this Order. If no such designation is made within thirty days, such transcripts or exhibits shall not be subject to this Order, except for good cause shown by the designating party.

10. **Filing With Court.** In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as Confidential, and only those specific portions of briefs, applications, and other filings that either contain verbatim Confidential Information or set forth the substance of such Confidential Information. The Court retains the power, either upon motion of any interested party or on its own motion, to determine whether materials filed under seal shall remain sealed. Any such Confidential Information shall be filed under seal, in a sealed envelope (or other sealed container) marked with the title of this action, the title of each such transcript or document being filed, and a statement substantially in the following form:

**CONFIDENTIAL**

>Pursuant to the Order of the Court dated _____, 2011, this envelope containing the above-entitled transcripts or documents filed by [the name of the party], is not to be opened nor the contents thereof displayed or revealed, except in accordance with an Order of the Court.

11. **Objection to Designation.** If any party to the litigation disputes the designation of any document or information as Confidential Information, before seeking the assistance of the Court, the parties must first confer in good faith in an attempt to resolve the question of whether or on what terms the document or information is entitled to Confidential treatment. The party objecting to the confidential designation shall notify the designating party, and the designating party shall respond within ten (10) days. If the parties are unable to agree as to whether the document or information is properly designated as Confidential Information, the party objecting to the designation may file an appropriate motion with the Court. The burden of proving the propriety of the designation rests on the party who has made the designation. Until a resolution of the dispute is achieved either through consent or Court Order, the parties shall treat the designated document or information as Confidential Information,

12. **Return of Confidential Information Upon Termination.** Upon the termination of this action, whether by Court order, judgment, settlement, or otherwise, including the termination of any appeals, each party will return to the other all documents designated as Confidential and all copies or reproductions of such documents designated as Confidential. The return of Confidential materials shall be completed within thirty (30) days after termination of this action and of all other related actions. Any attorney of record in this action who provides access to Confidential Information to any expert, consultant, witness, or other person (as defined in paragraph 4) is responsible for the retrieval from any such expert, consultant, witness, or other person of all documents designated as Confidential and for the return of all documents designated Confidential; and the work product prepared by any such expert, consultant, witness,

or other person derived from that Confidential Information shall be destroyed and/or returned to that attorney of record. This Order, and the obligation to keep Confidential Information confidential, shall survive the final termination of this action and all other actions that are related to it.

13. **Request to Produce Confidential Information by Subpoena or Otherwise.** If any party who has received Confidential Information is asked to produce such information, by subpoena or otherwise, for purposes of use in a separate legal action, the party receiving such a request shall promptly inform the producing party that such request has been received and shall object to such request on the basis of this Order.

14. **Waiver of Privilege and Admissibility.** Nothing in this Order shall be deemed a waiver of any type of privilege to any type of information in this or any other action or proceeding. Nothing in this Order shall be construed to affect the evidentiary of any Confidential Information.

15. **Modification.** This Order shall not prevent any party from applying to the Court for modification of the Order or for further relief.

16. **Failure to Comply.** Failure to comply with this Order shall be a basis for monetary sanctions or other appropriate relief.

17. **Subtitles.** The subtitles in this Order have been provided for convenience only and are not to be considered in construing or interpreting the meaning of this Order.

**Stipulated And Agreed To By:**

_____
Robert M. Abney
407 West Race
Searcy, AR 72143
*Attorneys for Plaintiffs*

_____
Robert Hudgins
P.O. Box 246
Des Arc, AR 72040
*Attorneys for Plaintiffs*

_____
M. Samuel Jones, III
MITCHELL, WILLIAMS, SELIG, GATES &
  WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
*Attorneys for Manitex, Inc.*

_____
Charles L. Schlumberger
Quattlebaum, Grooms, Tull & Burrow PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
*Attorneys for, Inc. Hi Tech Pump and Crane, Inc.*

SO ORDERED:

Dated: 1/12/12

_____
James M. Moody
United States District Judge

8

EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

MICHAEL KEVIN HORN                                              PLAINTIFF

VS.                              CV 4-11 – CV – 0041 JMM

MANITEX, INC. AND
HI-TECH PUMP AND CRANE, INC.                                    DEFENDANTS

### AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER

      I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered by the Court in this action. I understand the terms of the Court's Order and under oath consent to be bound by the terms of that Order as a condition to being provided access to Confidential Information (including documents and discovery) furnished by the parties. Furthermore, by executing this Agreement To Comply With Stipulated Protective Order ("Agreement"), I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Stipulated Protective Order.

      I recognize that any breach of this Agreement may be punishable as a contempt of court. All civil remedies, except those for money damages against counsel, for breach of this Agreement are specifically reserved by the party producing the Confidential Information (including documents and discovery), and are not waived by the disclosure provided for herein. Further, in the event of a breach of this Agreement, I recognize that the producing party may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

```
_____
(Name)
_____
(Address)
_____
(City)          (State)          (Zip)
_____
(Telephone Number)
```

STATE OF _____ )
                    )ss.
COUNTY OF _____ )

    Subscribed and sworn to, before me a Notary Public, this ___ day of _____, 2006.

    Notary Public

_____
Typed or Printed Name

(SEAL)