IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL KEVIN HORN                                                                    PLAINTIFF

VS.                                          CASE NO.  4:11CV00041 JMM

MANITEX, INC., ET AL.                                                                DEFENDANTS

ORDER

Plaintiff Michael Kevin Horn has brought this action for personal injuries against Defendants Manitex, Inc. ("Manitex"), and Hi-Tech Pump and Crane, Inc ("Hi-Tech").  The suit arises out of an accident which occurred on a gas well site in White County, Arkansas, on January 25, 2008.

*Facts*

Plaintiff was part of a crew engaged in closing down the well which involved the use of a crane manufactured by Manitex.  A device described as an injector was suspended from the boom of the crane.  Plaintiff claims the accident occurred when the suspended injector suddenly and unexpectedly dropped approximately 18 inches and began swinging back and forth.  Plaintiff who was standing near the suspended injector at the time was struck in the forehead and fell off the pipe on which he was standing causing him permanent injuries.

Plaintiff filed suit on January 18, 2011, alleging negligence by Manitex in the manufacture of the crane and negligence by Hi-Tech in maintaining it. In support of these claims Plaintiff relies on the opinion testimony of Mike R. Queenan who was offered as an expert witness. Both Defendants have moved for summary judgment (Doc. #37 and #40) and to exclude the opinion testimony of Queenan (Doc. #44) and Plaintiff has responded. For the reasons stated below the Defendants' summary judgment motions will be granted and the motion to exclude will be denied as moot.

*The Claim against Manitex*

Although Plaintiff's complaint does not mention the Arkansas strict liability statute, Plaintiff now argues that the crane was defective and unreasonably dangerous at the time it was manufactured by Manitex. To support his claim, Plaintiff relies on the opinion of Queenan that the accident was caused by the failure of a counter-balance valve in the crane which produced a bleed of hydraulic fluid allowing the load to drop.

The flaw in Plaintiff's case is that Queenan could not express an opinion as to what point in time that the valve became defective so as to allow for a failure. Plaintiff admits that Manitex had no control over the crane after it left the factory until some time after the accident. Queenan testified in his deposition that, so far as he knew, the crane was properly assembled by Manitex and he had no proof that it did not leave the factory with all properly functioning components including the counter-balance valve which he said failed at the time of the accident. Even giving Queenan the benefit of the doubt as to his qualifications for expressing an opinion, there is insufficient evidence to make a submissible jury issue as to the strict liability of Manitex. Queenan's opinions at most are explanations as to what caused the load to drop but fall far short

of establishing a defective and unnecessarily dangerous component of the crane at the time it left the factory.

Plaintiff's theory of negligence against Manitex likewise fails for lack of sufficient evidence. Plaintiff has the burden of showing that Manitex breached some duty owed to him in the manufacture of the crane. It is axiomatic that the fact that an accident occurred is not evidence of negligence. In the absence of evidence of negligence, Plaintiff argues that there is a *res ipsa* or implied defect citing to *Crawford v. Sears Roebuck &* Co., 295 F.3d 884 (8th Cir. 2007). This case may be on point but actually supports Manitex's argument since there is no evidence that the crane was furnished in a defective condition.

*The Claim Against Hi-Tech*

Plaintiff's only claim against Hi-Tech is for negligent maintenance of the crane. As in the case against Manitex, Plaintiff relies on the testimony of Mr. Queenan. Hi-Tech performed maintenance work on the crane during 1987 none of which involved the counter balance valve which Queenan alleged to have failed and caused the accident. Plaintiff has produced no competent evidence that anything Hi-Tech did or failed to do caused or contributed to the accident.

*Conclusion*

Summary judgment is granted to both Defendants and a judgment will be entered accordingly. The motion to exclude the testimony of Mike Queenan is denied as moot.

IT IS SO ORDERED this  5    day of   June  , 2012.

_____
James M. Moody
United States District Judge

3